Robert L. CLARK, Appellant,

v.

J.W. Estelle UNIT; Milton Brock; Michael Velasquez; Melanie Prause; John Doe, Co, III; and The Texas Department Of Criminal Justice–Institutional Division, Appellees.

No. 01–99–00862–CV.

Court of Appeals of Texas, Houston (1st Dist.).

March 16, 2000.

Rehearing Overruled June 20, 2000.

Robert L. Clark, Huntsville, for Appellant.

Randall Cory Huntsinger, Austin, for Appellee.

Panel consists of Chief Justice SCHNEIDER and Justices WILSON and SMITH.[1]

## OPINION

MICHAEL H. SCHNEIDER, Chief Justice.

This is an appeal from the trial court's order dismissing Robert L. Clark's suit against the TDCJ and several of its employees. Clark sought damages for intentional infliction of emotional distress, negligence, constitutional violations, and negligence per se. The trial court dismissed Clark's suit for failure to comply with Texas Civil Practice and Remedies Code section 14.004. We affirm.

### Factual and Procedural History

While Clark was attending a court proceeding on a bench warrant, his chess set, dominos, and Rhino work boots were lost while in storage. Clark was offered $33 to replace these items, but refused the offer twice, contending $37.50 was the fair value

for these items. Clark brought this suit based on appellees' actions during the grievance process. The trial court dismissed the suit against appellees, and this appeal ensued.

### Standard of Review

■ We review a trial court's dismissal of an inmate's claims under section 14.004 under an abuse of discretion standard. *Hickson v. Moya*, 926 S.W.2d 397, 398 (Tex.App.—Waco 1996, no writ). A court abuses its discretion if it acts without reference to guiding rules or principles. *Thomas v. Wichita Gen. Hosp.*, 952 S.W.2d 936, 939 (Tex.App.—Fort Worth 1997, writ denied).

### Dismissal of Clark's Suit

Clark contends the trial court erred in granting appellees' motion to dismiss. Section 14.004 of the Civil Practice and Remedies Code requires that an inmate who files an affidavit or unsworn declaration of inability to pay costs to file a separate affidavit or declaration:

(1) identifying each suit, other than a suit under the Family Code, previously brought by the person and in which the person was not represented by an attorney, without regard to whether the person was an inmate at the time the suit was brought; and

(2) describing each suit that was previously brought by:

(A) stating the operative facts for which relief was sought;

(B) listing the case name, cause number, and the court in which the suit was brought;

(C) identifying each party named in the suit; and

(D) stating the result of the suit, including whether the suit was dismissed as frivolous or malicious under

1. The Honorable Jackson B. Smith, retired Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

section 13.001 or section 14.003 or otherwise.

Tex. Civ. Prac. & Rem.Code Ann. § 14.004(a) (Vernon Supp.2000).

■ The purpose of section 14.004 is to curb the constant, often duplicative, inmate litigation, by requiring the inmate to notify the trial court of previous litigation and the outcome. *Bell v. Texas Dep't. of Criminal Justice–Inst. Div.*, 962 S.W.2d 156, 158 (Tex.App.—Houston [14th Dist.] 1998, pet.denied). Therefore, the trial court can determine, based on the previous filings, whether the suit was frivolous if the inmate already filed a similar claim. *Id.*

■ Here, the trial court dismissed Clark's suit under section 14.004. We have reviewed the record and find Clark's affidavit is insufficient to meet the requirements of section 14.004. While Clark did list previous filings, he did not state the operative facts for which relief was sought in those suits. Without this information, the trial court was unable to consider whether Clark's current claim is substantially similar to a previous claim. As such, we must assume the suit is substantially similar to a previously filed suit by the inmate, and is, therefore, frivolous. *Bell*, 962 S.W.2d at 158.

■ Clark further argues that the trial court did not allow him to cure or supplement his affidavit. The record, however, reflects Clark filed an amended and/or supplemental affidavit regarding previous lawsuits filed. It is this amended affidavit that we find does not meet the requirements of section 14.004. Clark also contends the defects in his affidavit could have been cured with the copies of his previous lawsuits, which he filed as exhibits. Section 14.004 makes clear, however, that the description of Clark's previous suits must be contained in a "separate affidavit or declaration." Tex. Civ. Prac. & Rem.Code Ann. § 14.004 (Vernon Supp. 2000). We refuse to hold that a trial court must sift through numerous documents supplied by an inmate in order to find the information required by section 14.004.

We hold the trial court did not abuse its discretion in dismissing Clark's suit under section 14.004.

We affirm the trial court's judgment.