In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-01-00088-CR


______________________________




JEFFERY WAGES, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 5th Judicial District Court


Cass County, Texas


Trial Court No. 97-F-106




 




Before Cornelius, C.J., Grant and Ross, JJ.


Opinion by Justice Ross



O P I N I O N



 Jeffery Wages has filed a motion seeking to dismiss his appeal. The motion is
granted pursuant to Tex. R. App. P. 42.2.

 The appeal is dismissed.


 Donald R. Ross

 Justice


Date Submitted: November 27, 2001

Date Decided: November 27, 2001


Do Not Publish



/SPAN>



 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Moseley



MEMORANDUM OPINION



 Simmons Theodore Yliyah Na'bi has filed suit against Lynwood Cook, Suzzan Fleming, Ken
Kuykendall, and Charlotte West. (1) Na'bi is imprisoned in the Goree Unit of the Texas Department
of Corrections in Huntsville. The suit alleged that the defendants conspired together to single out
Na'bi and other African-Americans in the unit by discontinuing their medically prescribed clipper
shave passes. On its own motion, the trial court dismissed Na'bi's lawsuit without prejudice because
"the claim is substantially similar to previous claims brought by the Plaintiff and realistic chance of
ultimate success is slight." Na'bi now appeals that dismissal. We affirm.

 Chapter 14 of the Texas Civil Practice and Remedies Code governs all civil lawsuits (except
for those under the Texas Family Code) brought by Texas inmates in a state district, county, justice
of the peace, or small claims court and in which the inmate files an affidavit or unsworn declaration
of the inability to pay the court costs associated with filing litigation. Tex. Civ. Prac. & Rem. Code
Ann. § 14.002 (Vernon 2002). We review a trial court's dismissal of such a lawsuit (filed pursuant
to Chapter 14 of the Texas Civil Practice and Remedies Code) under an abuse of discretion standard. 
Clark v. Unit, 23 S.W.3d 420, 421 (Tex. App.--Houston [1st Dist.] 2000, pet. denied). A trial court
abuses its discretion when its decision is outside the zone of reasonable disagreement or when the
court's decision is made without reference to guiding rules or principles. Id.; see also Breckenridge
v. Nationsbank of Tex., N.A., 79 S.W.3d 151, 157 (Tex. App.--Texarkana 2002, pet. denied).

 A trial court may, on its own motion, dismiss an inmate's civil lawsuit under certain
circumstances. One such instance when sua sponte dismissal is permitted is when the trial court
finds the inmate's current lawsuit "is substantially similar to a previous claim filed by the inmate
because the claim arises from the same operative facts." Tex. Civ. Prac. & Rem. Code Ann.
§ 14.003(b)(4) (Vernon 2002). 

 In this case, Na'bi filed the affidavit required by Article 14.004 of the Texas Civil Practice
and Remedies Code. We have reviewed that affidavit, and Na'bi has filed eight lawsuits since 1999, 
four of which (including this one) involved his clipper shave pass. No abuse of discretion has been
shown.

 We affirm the judgment of the trial court.



 Bailey C. Moseley

 Justice

 

Date Submitted: August 27, 2008

Date Decided: August 28, 2008
1. This case has been transferred to this Court as part of the Texas Supreme Court's docket
equalization program.