Opinion issued September 25, 2003







            












In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-03-00303-CV
____________
 
ELROY GREEN, Appellant
 
V.
 
RICHARD GUNNELS, SOPHIA HICKS, CHRISTOPHER ELMER,
WESLEY WOOLEY, AMY JOHNSTON, AND SHENELL LEWIS,
Appellees
 

 
 
On Appeal from the 12th District Court
Walker County, Texas
Trial Court Cause No. 21,896
 

 
 
MEMORANDUM OPINION
          Appellant, Elroy Green, an inmate of the Texas Department of Criminal
Justice–Institutional Division (TDCJ–ID), proceeding pro se and in forma pauperis,
challenges the trial court’s order dismissing, as frivolous, the lawsuit appellant
brought against appellees after some of appellant’s property was confiscated and not
returned to him. Appellees are prison guards at the TDCJ–ID unit where appellant
was incarcerated.
          In two issues, appellant contends that the trial court’s ruling was in error
because appellant (1) complied with all applicable requirements of Chapter 14 of the
Texas Civil Practice and Remedies Code (the Code)


 and (2) exhausted all
administrative grievance proceedings before filing suit. We affirm.
Facts and Procedural Background
          In his original petition, appellant alleged that, in March 2002, a radio and a pair
of shoes were confiscated from him by appellees while appellant was placed in “lock
up” detention for a rule violation committed during his incarceration. When appellant
was released to return to his cell, his property was not returned to him.
          Appellant subsequently filed a grievance to obtain the return of his property. 
In response to appellant’s grievance, prison officials informed appellant in writing as
follows:
Your complaint has been reviewed by this office. Your claim is denied
because proof of ownership of the radio, shoes, and other miscellaneous
property could not be verified. The registration papers you provided
could not be validated and will not be returned to you. No action is
warranted on your behalf.

          Appellant filed suit asserting a claim of gross negligence against the guards
that he alleged took, or participated in the confiscation of, his property. The State
filed an answer and an amicus brief on behalf of appellees. The trial court
subsequently dismissed appellant’s claims as frivolous.
Standard of Review
          We review a dismissal under Chapter 14 for an abuse of discretion by the trial
court. Clark v. Unit, 23 S.W.3d 420, 421 (Tex. App.—Houston [1st Dist.] 2000, pet.
denied). A trial court abuses its discretion if it acts arbitrarily, capriciously, or
without reference to guiding principles or rules. Id.
Compliance with Chapter 14
          In its amicus brief to the trial court, the State argued that appellant had failed
to comply with section 14.004(a) of the Code, which requires inmates proceeding in
forma pauperis to file an affidavit or declaration detailing all previous lawsuits. The
record indicates that appellant filed no such affidavit.
          Section 14.004(a) provides, in relevant part, as follows:
An inmate who files an affidavit or unsworn declaration of inability to
pay costs shall file a separate affidavit or declaration:
 
(1)identifying each suit, other than a suit under the Family Code,
previously brought by the person and in which the person was not
represented by an attorney, without regard to whether the person
was an inmate at the time the suit was brought; and
 
(2)describing each suit that was previously brought by:
 
(A)stating the operative facts for which relief was sought;
 
(B)listing the case name, cause number, and the court in which
the suit was brought;
 
(C)identifying each party named in the suit; and
 
(D)stating the result of the suit, including whether the suit was
dismissed as frivolous or malicious . . . or otherwise.

Tex. Civ. Prac. & Rem. Code Ann. § 14.004(a) (Vernon 2002).
          The purpose of section 14.004 is to deter duplicative inmate litigation by
requiring inmates to inform the trial court of previous litigation and the outcome. 
Clark, 23 S.W.3d at 421. In the absence of an affidavit complying with the
requirements of section 14.004, a trial court may assume the lawsuit is substantially
similar to previous litigation and is, therefore, frivolous. Bell v. Tex. Dep’t of
Criminal Justice–Inst. Div., 962 S.W.2d 156, 158 (Tex. App.—Houston [14th Dist.]
1998, pet. denied).
          In his first issue, appellant argues that he is not in violation of the requirements
of section 14.004(a) because he “sent in an unsworn declaration at the time of filing
the suit and the [trial] court granted his in forma pauperis [sic] and therefore on its
face did not find any violation . . . .” However, although the record reflects that the
trial court did permit appellant to proceed in forma pauperis in this lawsuit, there is
no indication that appellant filed a separate affidavit detailing his previous litigation
history, if any, as required by section 14.004(a).
          Appellant also argues that the trial court’s dismissal of his claims was improper
because appellant has never filed any previous lawsuits. In support of this assertion,
appellant has attached to his brief an “Affidavit of No Suit,” in which he states, in
part, that he has “never filed and [sic] other lawsuit, this is my first time filing a suit.” 
However, the record indicates that this affidavit was not presented to the trial court,
and we cannot consider documents attached to briefs that do not appear in the trial
court record. Till v. Thomas, 10 S.W.3d 730, 733 (Tex. App.—Houston [1st Dist.]
1999, no pet.).
          Finally, appellant argues that, because he is “a neophyte in the law,” he should
not be held to the same standards as a licensed attorney. We note that pro se litigants
are held to the same standards as attorneys and must comply with all applicable and
mandatory rules of procedure. See, e.g., Kindley v. State, 879 S.W.2d 261, 264 (Tex.
App.—Houston [14th Dist.] 1994, no pet.).
          Accordingly, we hold that the trial court did not abuse its discretion in
dismissing appellant’s suit. We overrule appellant’s first issue. Because of our
disposition of this issue, we need not consider the merits of appelant’s second issue.



Conclusion
          We affirm the judgment of the trial court. All pending motions are denied.
 
 
                                                                        Terry Jennings
                                                                        Justice

Panel consists of Justices Taft, Jennings, and Hanks.