Opinion issued September 30, 2004




     











In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00417-CV




STEVEN GILBERT, Appellant

V.

THE BOARD OF JUSTICE AND THE BOARD OF CRIMINAL JUSTICE,
Appellees




On Appeal from the 12th District Court
Walker County, Texas
Trial Court Cause No. 21892




MEMORANDUM OPINION
           Appellant, Steven Gilbert, an inmate of the Texas Department of Criminal
Justice–Institutional Division (TDCJ), appeals from an order dismissing with prejudice his
pro se, in forma pauperis suit under Chapter 14 of the Civil Practice and Remedies Code. 

           We affirm.

Background

           Appellant filed a pleading entitled “Civil Torts Action” with the trial court, seeking
the restoration of his “good–time.”


 In his pleading, appellant alleged that appellees
wrongfully deprived him of his good-time, in which he held a property interest. Appellant
pursued his action in forma pauperis and filed an affidavit stating his inability to pay costs.

           The trial court dismissed appellant’s suit with prejudice upon a finding that the lawsuit
was frivolous and that “the petition filed by the plaintiff [was] not in compliance with the
requirements set forth in Tex. Civ. Prac. & Rem. Code, Chapter 14.”

Standard of Review

           We review a trial court’s dismissal of an inmate’s claim pursuant to Chapter 14 of the
Civil Practice and Remedies Code under an abuse of discretion standard. Clark v. J.W.
Estelle Unit, 23 S.W.3d 420, 421 (Tex. App.—Houston [1st Dist.] 2000, pet. denied). A
court abuses its discretion when it acts without reference to guiding rules or principles. Id.

Dismissal of Appellant’s Suit

           An inmate who files an affidavit or unsworn declaration of inability to pay costs is
required to file a separate affidavit or declaration:

(1)identifying each suit, other than a suit under the Family code,
previously brought by the person and in which the person was not
represented by an attorney, without regard to whether the person was
an inmate at the time the suit was brought; and

 
(2)describing each suit that was previously brought by:

 
(A)stating the operative facts for which relief was sought

 
(B)listing the case name, cause number, and the court in which the
suit was brought;

 
(C)identifying each party named in the suit; and

 
(D)stating the result of the suit, including whether the suit was
dismissed as frivolous or malicious under Section 13.001 or
Section 14.003 or otherwise.



Tex. Civ. Prac. & Rem. Code Ann. § 14.004(a) (Vernon 2002).

           The purpose of requiring an inmate to notify the trial court of the existence and
outcome of previous litigation is “to curb the constant, often duplicative, inmate litigation”
that can plague the already burdened court system. Clark, 23 S.W.3d at 422. When
cognizant of an inmate’s previous filings, the trial court may determine whether the suit
before it has already been previously filed by the inmate, and is thus frivolous. Id. 

           In the instant case, appellant failed to file an affidavit or declaration required by
section 14.004(a). Consequently, the trial court was entitled to assume the suit was
substantially similar to a previously filed suit by appellant and, therefore, frivolous. See
Samuels v. Strain, 11 S.W.3d 404, 406 (Tex. App.—Houston [1st Dist.] 2000, no pet.). 
Although the trial court did not specifically identify appellant’s failure to comply with section
14.004(a) as the ground for dismissal, appellant’s suit was properly dismissed as frivolous
on this basis. See id. at 407. 

           We hold that the trial court did not abuse its discretion in dismissing appellant’s suit
as frivolous under Chapter 14 of the Civil Practice and Remedies Code.

           The trial court’s dismissal order, however, states that the dismissal is with prejudice. 
“Dismissal with prejudice constitutes adjudication on the merits and operates as if the case
had been fully tried and decided.” Lentworth v. Trahan, 981 S.W.2d 720, 722 (Tex.
App.—Houston [1st Dist.] 1998, no pet.). Each of the insufficient affidavits regarding
previous lawsuits is the type of deficiency that can be remedied with more specific pleadings. 
Clark v. Hudspeth, 2001 WL 1243493, at *4 (Tex. App.–Houston [1st Dist.] 2001, no pet.)
(not designated for publication). Therefore, the proper order in the instant case is dismissal
without prejudice. See Williams v. Brown, 33 S.W.3d 410, 412 (Tex. App.—Houston [1st
Dist.] 2000, no pet.).

 
 
 
 
 
 
 
Conclusion

           We reform the judgment of the trial court to reflect that the cause is dismissed
“without prejudice.” As reformed, the judgment is affirmed.



 





                                                                  Laura Carter Higley 

                                                                  Justice



 
Panel consists of Justices Nuchia, Hanks, and Higley.