NO. 12-04-00051-CV
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS


ERNEST D. NEWMAN,                                    §     APPEAL FROM THE 349TH
APPELLANT

V.                                                                         §     JUDICIAL DISTRICT COURT OF

RAYNALDO CASTRO, ET AL.,
APPELLEES                                                      §     ANDERSON COUNTY, TEXAS





MEMORANDUM OPINION
            Ernest D. Newman, an inmate in the Texas Department of Criminal Justice-Institutional
Division (“TDCJ”), proceeding pro se, filed an in forma pauperis suit against Raynaldo Castro,
Richard K. Thompson, III, B. Elmore, Anthony M. Holmes, and Jason T. Heaton. Newman appeals
the trial court’s order dismissing his suit pursuant to Texas Civil Practice and Remedies Code,
section 14.003. Newman raises eight issues on appeal. We affirm.

Background
            Newman is an inmate. While incarcerated, Newman filed a civil suit against Castro,
Thompson, Elmore, Holmes, and Heaton (collectively “Appellees”). In his lawsuit, Newman alleges
that Appellees, through discrimination, violated his rights under the Americans with Disabilities Act. 
See 42 U.S.C.A. §§ 12101, 12112 (West 1995). Newman did not specify in his petition what relief
he was seeking from Appellees. In conjunction with his original petition, Newman filed a
declaration purportedly in compliance with Texas Civil Practices and Remedies Code, section
14.004, in which he stated, “I declare under penalty of perjury that this is my first suit brought in a
district, county, justice of the peace, or small claims court.”
            On December 15, 2003, without conducting a hearing, the trial court found that Newman’s
suit was frivolous or malicious and dismissed it with prejudice pursuant to Texas Civil Practice and
Remedies Code, section 14.003. This appeal followed.

Dismissal Pursuant to Texas Civil Practice and Remedies Code Chapter 14
            In his first, third, fourth, fifth, sixth, seventh, and eighth issues, Newman argues that the trial
court's dismissal was improper.


 We review the trial court's dismissal of an in forma pauperis suit
under an abuse of discretion standard. Hickson v. Moya, 926 S.W.2d 397, 398 (Tex. App.–Waco
1996, no writ). A trial court abuses its discretion if it acts arbitrarily, capriciously, and without
reference to any guiding rules or principles. Lentworth v. Trahan, 981 S.W.2d 720, 722 (Tex.
App.–Houston [1st Dist.] 1998, no pet.). We will affirm a dismissal if it was proper under any legal
theory. Johnson v. Lynaugh, 796 S.W.2d 705, 706–07 (Tex. 1990); Birdo v. Ament, 814 S.W.2d
808, 810 (Tex. App.–Waco 1991, writ denied). The trial courts are given broad discretion to
determine whether a case should be dismissed because (1) prisoners have a strong incentive to
litigate; (2) the government bears the cost of an in forma pauperis suit; (3) sanctions are not
effective; and (4) the dismissal of unmeritorious claims accrues to the benefit of state officials,
courts, and meritorious claimants. See Montana v. Patterson, 894 S.W.2d 812, 814–15 (Tex.
App.–Tyler 1994, no writ).
            Chapter 14 of the Texas Civil Practice and Remedies Code controls suits brought by an
inmate in which the inmate has filed an affidavit or unsworn declaration of inability to pay costs.



Tex. Civ. Prac. & Rem. Code Ann. § 14.002(a) (Vernon 2002); Hickson, 926 S.W.2d at 398.
Section 14.003 provides that a trial court may dismiss a claim before or after service of process if
the court finds that the claim is frivolous or malicious. See Tex. Civ. Prac. & Rem. Code Ann.
§ 14.003(a)(2) (Vernon 2002). In determining whether a claim is frivolous or malicious, a trial court
may consider whether the claim is substantially similar to a previous claim filed by the inmate
because the claim arises out of the “same operative facts.” Id. at § 14.003(b)(4). To enable a trial
court to determine whether the suit is substantially similar to a previous one, an inmate is required
to file a separate affidavit or unsworn declaration describing all other suits the inmate has brought
and stating the “operative facts” upon which relief was sought. Id. at § 14.004(a)(2)(A). 
Furthermore, the declaration must state the result of the suit, including whether the suit was
dismissed as frivolous or malicious under Section 13.001 or Section 14.003 or otherwise. Id. at 
§ 14.004(a)(2)(D).
            In the case at hand, Newman’s unsworn declaration does not comply with Texas Civil
Practice and Remedies Code, section 14.004. Newman filed a declaration in which he stated that
the instant suit was his “first suit brought in a district, county, justice of the peace, or small claims
court.” However, Section 14.004(a)(1) does not relate only to lawsuits filed in district courts, county
courts, justice of the peace courts, and small claims courts. Id. Section 14.004(a)(1) plainly states
that the affidavit must identify each previous lawsuit filed. Id. As such, Newman’s declaration does
not satisfy the requisites of Section 14.004(a)(1) because it was limited to lawsuits filed only in
specific state courts. It failed to indicate, for instance, whether Newman had ever filed a lawsuit in
federal court similar to his instant suit. See, e.g., Butler v. Texas Dep’t of Criminal Justice, No. 12-01-00243-CV, 2002 WL 335228, at *2 (Tex. App.–Tyler Feb. 28, 2002, no pet.) (not designated for
publication) (“A declaration ... which does not set forth the requisite details about previous lawsuits
filed by that inmate, even if the only detail is that no previous lawsuits have been filed, does not
comport with the requirements of section 14.004.”). Thus, the trial court was unable to consider
whether Newman’s current claim was substantially similar to his previous claims, if any. 
            When an inmate files an affidavit or declaration that fails to comply with the requirements
of section 14.004, “the trial court is entitled to assume that the suit is substantially similar to one
previously filed by the inmate, and therefore, frivolous.” Bell, 962 S.W.2d at 158. The burden to
provide such information rests on the pro se litigant. See, e.g., Clark v. J.W. Estelle Unit, 23 S.W.3d
420, 422 (Tex. App.–Houston [1st Dist.] 2000, pet. denied) (refusing to hold that a trial court must
sift through numerous documents in order to find the information required by section 14.004). 
Accordingly, we hold that the trial court did not abuse its discretion when it dismissed Newman's
suit.


 Id. Newman’s first, third, fourth, fifth, sixth, seventh, and eighth issues are overruled.

Bill of Costs
            In his brief, Newman designated his second issue, which stated as follows:
 
The second issue is the clerk has failed to provide copies of her record as to why the charges were
applied to this action or case as she has only showed me what I was charged for and I am requesting
copies of what was done by these persons as I did request a copy of the court reporters record which
she has failed to provide. 
 
A review of the remainder of Newman’s brief reveals no further reference to his second issue.


 As
such, Newman has waived the issue on appeal. See Tex. R. App. P. 38.1(h). Yet, even absent
waiver, our review of the clerk’s record indicates that a Bill of Costs was included in a supplement
thereto. Moreover, inasmuch as Newman appears to complain of an act of the district clerk, even
if he had argued such an issue, we would be without jurisdiction to consider it.


 Newman’s second
issue is overruled. 

Conclusion
            The trial court’s dismissal of Robinson’s suit with prejudice was improper. We modify the
trial court's order of dismissal by deleting the words “with prejudice” and substituting in their place
 
 the words “without prejudice.” Having overruled Robinson’s issues one, two, three, four, five, six,
seven, and eight, we affirm the trial court’s dismissal order as modified.
 
                                                                                                     JAMES T. WORTHEN 
                                                                                                                 Chief Justice


Opinion delivered May 25, 2005.
Panel consisted of Worthen, C.J., Griffith, J. and DeVasto, J.









(PUBLISH)