Opinion issued October 29, 2009 















In The

Court of Appeals

For The

First District of Texas






NO. 01-06-01188-CV

__________


IN RE MICHAEL G. WASHINGTON, Appellant







On Appeal from the County Court at Law No. 2

Harris County, Texas

Trial Court Cause No. 872205






MEMORANDUM OPINION

 Appellant, Michael Washington, who is incarcerated and represents himself pro
se, challenges, in a single issue, the trial court's order dismissing his case for "want
of prosecution" and for "lack of merit." 

 We affirm. 

Factual and Procedural Background

 In his petition, Washington alleged that Texas Department of Criminal Justice
("TDCJ") officials had ordered him to place property in storage lockers above the cell
beds in his cell and that this order violated his medical restrictions. He further
alleged that, in the course of reaching overhead to retrieve an item from a storage
locker, he fell and injured himself because of the lack of steps and railings and other
defective conditions. Washington generally alleged that the named defendants
violated the Americans with Disabilities Act ("ADA") (1) and the Texas Tort Claims
Act. (2) He also alleged numerous irregularities in his multiple grievance proceedings,
and he specifically complained that TDCJ officials did not tape record certain
grievance proceedings. Washington sought compensatory and punitive damages "not
over $100,000," attorney's fees, and injunctive relief. 

 Washington also attached to his petition a document stating that, in his opinion,
exhaustion of administrative remedies was not required, and he also filed "an affidavit
relating to previous filings." See Tex. Civ. Prac. & Rem. Code Ann. § 14.004
("Affidavit Related to Previous Filings"), § 14.005 (Vernon 2002) ("Grievance
System Decision; Exhaustion of Administrative Remedies"). In his affidavit
regarding previous filings, Washington identified five other causes of action that he
had previously filed.

 There is nothing in the record to reflect that any of the named defendants were
ever served or otherwise made an appearance in the case. On November 29, 2006,
the trial court dismissed the case for "want of prosecution" and for "lack of merit." 
Following the dismissal, Washington filed a new trial motion, objecting to the
dismissal and contending that he was entitled to a jury trial on his claims. 

Dismissal

 We construe Washington's appellant's brief as a complaint that the trial court
abused its discretion in dismissing his case for want of prosecution and lack of merit. 

 Chapter 14 of the Texas Civil Practice and Remedies Code governs inmate
litigation. See Tex. Civ. Prac. & Rem. Code Ann. §§ 14.001-.014. (Vernon 2002). 
 Under Chapter 14, a trial court may dismiss an inmate suit brought in forma pauperis,
either before or after service of process, by finding that it is frivolous or malicious. 
Id. § 14.003(a)(2). In determining whether a claim is frivolous or malicious, a trial
court may consider whether (1) the claim's realistic chance of ultimate success is
slight; (2) the claim has no arguable basis in law or in fact; (3) it is clear that the party
cannot prove facts in support of the claim; or (4) the claim is substantially similar to
a previous claim filed by the inmate because the claim arises from the same operative
facts. Id. § 14.003(b)(1)-(4). We generally review a trial court's dismissal of an
inmate's suit under Chapter 14 for abuse of discretion. See Thompson v. Tex. Dep't
of Crim. Justice-Institutional Div., 33 S.W.3d 412, 414 (Tex. App.--Houston [1st
Dist.] 2000, pet. denied).

 An inmate seeking to proceed in forma pauperis must file a separate affidavit
or declaration describing each suit the inmate has previously filed pro se, other than
a suit under the Family Code. Tex. Civ. Prac. & Rem. Code Ann. § 14.004. The
affidavit or declaration must (a) describe the operative facts for which relief was
sought; (b) list the case name, cause number, and the court in which the suit was
brought; (c) identify each party named in the suit; and (d) state the result of the suit,
including whether the suit was dismissed as frivolous or malicious. Id. §
14.004(a)(2). These requirements were enacted to allow the trial court to determine
whether an inmate's present claim is similar to a previously-filed claim. See Clark
v. Unit, 23 S.W.3d 420, 422 (Tex. App.--Houston [1st Dist.] 2000, pet. denied.)
(stating that "[t]he purpose of section 14.004 is to curb the constant, often duplicative,
inmate litigation, by requiring the inmate to notify the trial court of previous litigation
and the outcome ").

 Here, although Washington, in his affidavit, listed five previous cases and
noted that these previous filings had been determined to be frivolous, he did not,
among other things, describe the operative facts of these filings. Washington merely
identified the style of the previous filings, the dates of judgment, and the frivolous
finding rendered in each case. Because Washington failed to comply with the
requirements of section 14.004, we hold that the trial court did not abuse its discretion
in dismissing Washington's case. See Clark, 23 S.W.3d at 422 (holding that because
appellant did not state operative facts for which relief was sought in prior suits, trial
court was unable to consider whether current claim was substantially similar to prior
claims and, thus, trial court did not err in dismissing case). (3) 

 We overrule Washington's issue.






Conclusion


 We affirm the order of the trial court.



 Terry Jennings

 Justice


Panel consists of Justices Jennings, Higley, and Sharp.

1. See 42 U.S.C. §§ 12101-12113.
2. See Tex. Civ. Prac. & Rem. Code Ann. §§ 101.001-.109 (Vernon 2005 & Supp.
2008).
3. In a single paragraph, Washington also contends that the trial court clerk abused its
discretion in failing to serve the named defendants with the citation by publication. 
In his petition, Washington identifies the named defendants as TDCJ-ID Agency, Cpt.
Kitchen, James Tucker, UCC-Butler, Michael Butcher, and Sgt. Gregory. However,
Chapter 14 of the Civil Practice and Remedies Code expressly provides that the trial
court may dismiss a cause of action prior to service. See Tex. Civ. Prac. & Rem.
Code Ann. § 14.003(a)(2) (Vernon 2002).