Opinion issued March 18, 2010 


















In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-09-00343-CV
__________
 
 
BRUCE WAYNE HOUSER, Appellant
 
V.
 
BONNIE YOUNG, Appellee
 
 

 
 
On Appeal from the 172nd District Court
Jefferson County, Texas
Trial Court Cause No. E174,330
 

 
 
MEMORANDUM OPINION
          Appellant, Bruce Wayne Houser, who is incarcerated and represents himself
pro se, contends that the trial court abused its discretion in dismissing his lawsuit
against appellee, Bonnie Young, and the other defendants below on the ground that
he failed to comply with the requirements of Chapter 14 of the Texas Civil Practice
and Remedies Code.


 
          We affirm.


 
Background
          In his petition, Houser names Anita Breaux, Dennis Hall, Thomas Cordle,
Rodney Graves, Wesley Freeman, Bonnie Young, Kelli Ward, and the Texas
Department of Criminal Justice (“TDCJ”) as defendants.


 Houser alleges that in
2004, after he “reposted” a motion to reinstate in another unrelated lawsuit that he
had filed, TDCJ officials threatened his “life, safety, and property.” After these
threats, he was subsequently strip searched, forcefully removed from his cell, and
then placed in a “strip cell,” where he was denied his eyeglasses, basic hygiene
equipment, and medications. Houser’s personal items were confiscated, and he
sustained personal injuries. Houser complains that he continued to suffer wrongful
retaliation from the defendants who were involved in an “illegal criminal conspiracy.” 
Within his petition, Houser included an “affidavit relating to previous filings,”


 in
which he listed three other lawsuits that he had previously filed.
          In her motion to dismiss Houser’s lawsuit, Young argued that the trial court
should dismiss Houser’s lawsuit because he had failed to file an affidavit related to
previous filings,


 file certified copies of his inmate trust account,


 and show that he
had exhausted his administrative remedies.


 Young also argued that the trial court
should dismiss Houser’s lawsuit because it was frivolous or malicious.



          After reviewing the pleadings and Young’s motion to dismiss, the trial court
signed an order granting Young’s motion on the ground that Houser’s lawsuit is
frivolous.    
Standard of Review
          We generally review a trial court’s dismissal of an inmate’s suit under Chapter
14 for abuse of discretion. See Wilson v. TDCJ-ID, 268 S.W.3d 756, 758 (Tex.
App.—Waco 2008, no pet.); Thompson v. Tex. Dep’t of Crim. Justice–Inst. Div., 33
S.W.3d 412, 414 (Tex. App.—Houston [1st Dist.] 2000, pet. denied). When a lawsuit
is dismissed as frivolous for having no basis in law or in fact, and no fact hearing was
held, our review focuses on whether the inmate’s lawsuit has an arguable basis in law,
which we review de novo. Scott v. Gallagher, 209 S.W.3d 262, 266 (Tex.
App.—Houston [1st Dist.] 2006, no pet.). 
Dismissal
          In his sole issue, Houser contends that the trial court abused its discretion in
dismissing his lawsuit under Chapter 14.
          Chapter 14 of the Texas Civil Practice and Remedies Code governs inmate
litigation. See Tex. Civ. Prac. & Rem. Code Ann. §§ 14.001–.014. (Vernon 2002). 
Under Chapter 14, a trial court may dismiss an inmate suit brought in forma pauperis,
either before or after service of process, by finding that it is frivolous or malicious.
Id. § 14.003(a)(2). In determining whether a claim is frivolous or malicious, the trial
court may consider whether: (1) the claim’s realistic chance of ultimate success is
slight; (2) the claim has no arguable basis in law or in fact; (3) it is clear that the party
cannot prove facts in support of the claim; or (4) the claim is substantially similar to
a previous claim filed by the inmate because the claim arises from the same operative
facts. Id. § 14.003(b)(1)–(4). In finding that a claim is frivolous or malicious, the
court “may” hold a hearing “before or after service of process” and “it may be held
on motion of the court, a party, or the clerk of the court.” Id. § 14.003(c).
          An inmate seeking to proceed, other than a suit under the Family Code, in
forma pauperis must file a separate affidavit or declaration describing each suit the
inmate has previously filed pro se,. Id. § 14.004. The affidavit or declaration must
(a) describe the operative facts for which relief was sought; (b) list the case name,
cause number, and the court in which the suit was brought; (c) identify each party
named in the suit; and (d) state the result of the suit, including whether the suit was
dismissed as frivolous or malicious. Id. § 14.004(a)(2). These requirements were
enacted to allow the trial court to determine whether an inmate’s present claim is
similar to a previously-filed claim. See Clark v. Unit, 23 S.W.3d 420, 422 (Tex.
App.—Houston [1st Dist.] 2000, pet. denied.) (stating that “[t]he purpose of section
14.004 is to curb the constant, often duplicative, inmate litigation, by requiring the
inmate to notify the trial court of previous litigation and the outcome”).
          In his affidavit related to previous filings, Houser identified three prior
lawsuits. Although he identified the court in which the lawsuits were filed and the
cause numbers of the lawsuits and claimed each of these lawsuits was “current,” he
did not adequately describe the operative facts for which relief was sought in each of
these lawsuits. See Tex. Civ. Prac. & Rem. Code Ann. § 14.004(a)(2)(A). For
example, with regard to the first lawsuit identified, he simply stated that he had
brought that lawsuit for “recovery of damages for violations upon my person and
property.” In regard to the second and third lawsuits, he stated that he had brought
them for a “five day stay in a strip cell and injuries to my person and property” and
for an illegal library restriction. The trial court could have reasonably concluded that
such descriptions did not sufficiently state the “operative facts” of these lawsuits to
evaluate whether the facts here are substantially similar. See id. Houser also failed
to identify, with respect to any of these three lawsuits, the case name or the identity
of any of the defendants named in the lawsuits. See id. § 14.004(a)(2)(B), (a)(2)(C). 
Because Houser failed to comply with the affidavit requirements of section 14.004,
we hold that the trial court did not abuse its discretion in dismissing Houser’s lawsuit.
See Clark, 23 S.W.3d at 422 (holding that because appellant did not state operative
facts for which relief was sought in prior suits, trial court was unable to consider
whether current claim was substantially similar to prior claims and, thus, trial court
did not err in dismissing case).


 
          Finally, we note that nothing in Chapter 14 precludes a trial court from
dismissing an entire lawsuit based upon a motion to dismiss filed by one party. In
fact, as noted above, Chapter 14 provides that a trial court may dismiss a claim, either
“before or after service of process,” if it finds that the claim is frivolous or malicious
or that the inmate filed an affidavit or unsworn declaration required by Chapter 14
that the inmate knew was false. Tex. Civ. Prac. & Rem. Code Ann. § 14.003(a). 
Moreover, Chapter 14 provides that a trial court may hold a hearing “before or after
service of process” and “it may be held on motion of the court, a party, or the clerk
of the court.” Tex. Civ. Prac. & Rem. Code Ann. § 14.003(c). These provisions
permit a trial court to dismiss a case under Chapter 14 at the request of one party.
          We overrule Houser’s sole issue.
          Conclusion
          We affirm the order of the trial court.
 
 
                                                                        Terry Jennings
                                                                        Justice

Panel consists of Justices Jennings, Hanks, and Bland.