Opinion issued
May 6, 2010

                                                                        

 

 

 

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-09-00207-CV

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



Marcus taylor, Appellant

 

V.

 

CO. #3 ASHLEY, aNDREW J.,

CO. #4 MARR, aLEXANDERIA S.,

PROPERTY OFFICER CO. #5
LINVILLE, MARTINA,

WARDER BAKER, EDDIE D.,

ASSISTANT ADMINISTRATOR
BRISHER, V. L.,

UNIT GRIEVANCE COORDINATOR
THAT INVESTIGATED GRIEVANCE # 2008102809, Appellees

 

 



On Appeal from the 3rd District Court

 Of Anderson County,
Texas

Trial Court Cause No. 3-40862[1]

 

 



MEMORANDUM OPINION

Appellant, Marcus Taylor, filed an inmate civil action
against numerous defendants employed by the Texas Department of Criminal
Justice (TDCJ).  The trial court
dismissed the petition, finding the claim was “frivolous or malicious.”  On appeal, Taylor contends the trial court
erred in dismissing his petition and abused its discretion in failing to grant
him a hearing and trial on his claim.  We
affirm.

Background

On September 7, 2008, Taylor, a
prison inmate, brought a suit in forma pauperis.  The
suit alleged that on February 5, 2008, TDCJ employees intentionally stole, lost,
destroyed, or damaged his property, valued at $500.  Taylor alleged that he exhausted his
administrative remedies by filing Step 1 and Step 2 grievance forms.  His Step 1 and Step 2 forms for Grievance #
2008102809 (“809”) were reviewed by administrators who determined that no
further action was necessary.  Taylor
requested an evidentiary hearing and jury trial.  Taylor sought damages for the missing
property, as well as for “mental anguish, stress, pro se litigant’s fee’s, etc. etc.”

While it is evident that the trial
court clerk corresponded with Taylor, none of the letters issued by the trial
court are part of the clerk’s record.  It
appears that Taylor supplemented his petition in response to inquiries from the
court on at least three occasions.  In a “Notice”
filed by Taylor on September 22, 2008, he also alleged that the defendants
committed “criminal conspiracy . . . to murder [him].” 

The clerk’s record contains another
petition filed by Taylor on October 16, 2008, which appears to be related to a
different grievance.  This petition,
relating to Grievance # 2008158697 (“697”), named numerous TDCJ employees as
defendants (some of whom differed from the original petition).  Taylor alleged on April 21, 2008, the
defendants stole his property that had a “$500 senimental
[sic] value.”  In this petition, Taylor requested
that criminal charges be brought against listed TDCJ employees for theft,
criminal mischief, conspiracy, and “obstructive [sic] justice.” 

On December 18, 2008, Taylor supplemented
his first petition relating to grievance 809 with an “Affidavit of Facts”
stating the date that the grievance was filed and the date the written response
was received.  Additionally, Taylor
provided the Step 1 and Step 2 grievance forms including the written
responses.  With these documents, Taylor
filed a request to alter or amend his claim to include the documents in his
case.

On January 12, 2009, Taylor filed a
“Motion to Amend Supplemental Affidavit” that listed previous lawsuits he filed.  While the motion is very unclear, it appears
that Taylor lists four previous law suits. 
However, there was no statement of facts describing each suit or the disposition
of each case.

          The
trial court signed an order of dismissal on January 20, 2009.  The order stated in relevant part: 

On September 15, 2008, Plaintiff filed their Civil
Suit.  It is obvious to the Court that
this civil action is not brought under the Family Code and is governed by
Chapter 13 and 14 of the Texas Civil Practice and Remedies Code.  The Court finds that the claim to be
frivolous or malicious.

 

It is hereby, ORDERED, ADJUDGED AND DECREED that the
action of Plaintiff against Defendant be dismissed without prejudice.

 

The trial court did not provide
explanation for finding the claim “frivolous or malicious.”  Further, the court ordered that Taylor pay
the total amount of court fees and costs, which totaled $229, from the deposits
made to his trust account.

On appeal, Taylor argues that the
trial court erred in dismissing his petition and abused its discretion in
failing to grant him a hearing and trial on his claim.

Dismissal of Inmate’s Claim

Because this is a suit brought by an
inmate in a district court in which the inmate filed an affidavit or unsworn
declaration of inability to pay costs, the action is governed by Chapter
14.  Tex.
Civ. Prac. & Rem. Code. Ann. § 14.002 (Vernon 2002).  An inmate who desires to proceed in forma pauperis, as here, must (1) file
an affidavit or unsworn declaration describing all prior pro se lawsuits filed
by the inmate, see id. § 14.004, (2) file an affidavit or unsworn
declaration of the date that his current claim was filed with the prison
grievance system and the date that a written decision was received, see id.
§ 14.005, (3) file a copy of the written decision from the grievance
system, see id. and (4) file  a certified copy of the inmate’s trust
account statement with the trial court, see id. § 14.006(f).  

“A trial court may dismiss an
inmate’s lawsuit for failing to comply with the procedural requirements of
Chapter 14.”  Scott v. Gallagher, 209 S.W.3d 262, 265 (Tex.
App.—Houston [1st Dist.] 2006, no pet.) (citing
Williams v. Brown, 33 S.W.3d 410, 412 (Tex. App.—Houston [1st Dist.]
2000, no pet.)).  “Under Chapter 14, a
trial court may also dismiss a lawsuit that is malicious or frivolous.”  Id. (citing Tex. Civ. Prac. &
Rem. Code Ann. § 14.003 (Vernon 2002)).  

A.      Standard of Review

We review a dismissal under Chapter
14 for an abuse of discretion.  Id. (citing Clark v. J.W. Estelle
Unit, 23 S.W.3d 420, 421 (Tex. App.—Houston [1st Dist.] 2000, pet. denied));
Leachman v. Dretke,
261 S.W.3d 297, 303 (Tex. App.—Fort Worth 2008, no pet.).  “A trial court commits an abuse of discretion
if it acts without reference to guiding rules or principles.”  Scott,
209 S.W.3d at 265 (citing Clark, 23 S.W.3d at 421).  

B.      Section 14.004, Civil
Practice and Remedies Code

Section 14.004 of the Civil Practice
and Remedies Code requires that an inmate who files an affidavit or unsworn
declaration of inability to pay costs to file a separate affidavit or
declaration:

(1) identifying each suit, other than a suit under the
Family Code, previously brought by the person and in which the person was not
represented by an attorney, without regard to whether the person was an inmate
at the time the suit was brought;  and

 

(2) describing each suit that
was previously brought by:

(A) stating the operative facts
for which relief was sought;

(B) listing the case name,
cause number, and the court in which the suit was brought;

(C) identifying each party
named in the suit;  and

(D) stating the result of the
suit, including whether the suit was dismissed as frivolous or malicious under
section 13.001 or section 14.003 or otherwise.

 

Tex. Civ. Prac. & Rem. Code. Ann. § 14.004(a) (Vernon 2002).

“The purpose of Section 14.004 is to
curb the constant, often duplicative, inmate litigation, by requiring the
inmate to notify the trial court of previous litigation and the outcome.”  Clark, 23 S.W.3d at 422.  The notice allows the trial court to determine,
based on the previous filings, whether the current suit is “substantially
similar to a previous claim” making it frivolous.  Id.

C.      Analysis

It is undisputed that the
requirements of Chapter 14 apply to this lawsuit by Taylor, an inmate who filed
an unsworn declaration requesting permission to proceed in forma pauperis.  In its order dismissing the case, the trial
court stated its finding that that the claim was “frivolous or malicious.”

Where an inmate fails to state the
operative facts of prior suits filed by that inmate, as required by Section
14.004, “we must assume the suit is substantially similar to a previously filed
suit by the inmate, and is, therefore, frivolous.”  Clark, 23 S.W.3d at
422.  In Clark, the inmate provided a list of previous filings, but he did
not state the operative facts for which relief was sought in those suits.  Id.  This Court upheld the trial court’s dismissal
concluding that Clark failed to comply with Section 14.004 and, accordingly,
his claim was deemed frivolous.  Id.

We have reviewed the record and find Taylor’s
affidavit is insufficient to meet the requirements of Section 14.004.  While Taylor list previous filings, he did
not state the operative facts for which relief was sought in those suits or the
disposition of each case.  Without that
information, the trial court was unable to consider whether Taylor’s current claim
was substantially similar to a previous claim. 
See id.  “As such, we must assume the suit is
substantially similar to a previously filed suit by the inmate, and is,
therefore, frivolous.”  Id.

We hold that the trial court did not
abuse its discretion in dismissing Taylor’s suit as frivolous.  We overrule Taylor’s first issue.

Failure to Grant Hearing

Taylor further contends that the
trial court abused its discretion by not granting him a hearing under Section
14.003.  Subsection 14.003(c) provides
that “the court may hold a hearing”
to determine whether dismissal is proper under Subsection 14.003(a).  Tex.
Civ. Prac. & Rem. Code.
Ann. § 14.003(c) (emphasis added). 
While it has the option to hold a hearing, “a trial court’s decision on
whether to hold a hearing on the dismissal of inmate litigation for failure to
comply with the statutes governing such litigation is discretionary.”  Moreland v. Johnson, 95 S.W.3d 392, 394 (Tex. App.—Houston [1st
Dist.] 2002, no pet.) (citing Williams,
33 S.W.3d at 411).  We overrule Taylor’s
second issue.

Conclusion

          We affirm the trial court’s order of
dismissal.

 

 

 

                                                          George
C. Hanks

                                                          Justice

 

Panel consists of Justices Jennings,
Hanks, and Bland.

 











[1] Originally appealed to the Twelfth Court of Appeals,
this case was transferred to this Court by the Texas Supreme Court pursuant to
its docket equalization efforts.  See Tex. Gov’t Code Ann. § 73.001 (Vernon
2005).  We are
unaware of any conflict between precedent of the Twelfth Court of Appeals and
that of this Court on any relevant issue. 
See Tex. R. App. P. 41.3.