



# MEMORANDUM OPINION

No. 04-08-00580-CV

Jerry **WANZER**,
Appellant

v.

**TEXAS DEPARTMENT OF CRIMINAL JUSTICE–INSTITUTIONAL DIVISION**, et. al.,
Appellees

From the 81st Judicial District Court, Karnes County, Texas
Trial Court No. 06-03-00026-CVK
Honorable Ron Carr, Judge Presiding

Opinion by:     Rebecca Simmons, Justice

Sitting:        Rebecca Simmons, Justice
                Steven C. Hilbig, Justice
                Marialyn Barnard, Justice

Delivered and Filed:  July 22, 2009

AFFIRMED

Appellant Jerry Wanzer appeals the dismissal of his suit against the Institutional Division of the Texas Department of Criminal Justice and Sergeant Felix Hinojosa. Because Wanzer's suit failed to comply with the statutory requirements for inmate litigation, we affirm the judgment of the trial court.

## BACKGROUND

Appellant Wanzer is an inmate in the Institutional Division of the Texas Department of Criminal Justice (TDCJ-ID). After Wanzer filed several grievances against TDCJ-ID and Hinojosa (collectively TDCJ), and received the State's responses, he sued TDCJ in state district court for retaliation, deliberate indifference to his medical care, and various torts. Wanzer sued pro se and in forma pauperis. At a November 19, 2007 hearing on their motion to dismiss, TDCJ challenged the merits of Wanzer's claims and asserted that Wanzer failed to comply with several requirements in chapter 14 of the Texas Civil Practice and Remedies Code. Appearing in person, Wanzer objected to the proceeding asserting TDCJ-ID personnel prevented him from bringing documents and materials necessary to support his suit. Even after the trial court offered Wanzer copies of all the pleadings, Wanzer maintained his objection. Nevertheless, the trial court heard TDCJ's arguments, but took the matter under advisement to give Wanzer thirty days to submit any documents and provide any argument. In its order dated January 10, 2008, the trial court dismissed all of Wanzer's claims with prejudice as frivolous. Wanzer appeals the dismissal of his suit and the hearing conducted without his documents and materials.

## STANDARD OF REVIEW

We review a dismissal of an inmate's suit that is subject to the inmate litigation requirements of the Texas Civil Practice and Remedies Code for an abuse of discretion. *Lilly v. Northrep*, 100 S.W.3d 335, 336 (Tex. App.—San Antonio 2002, pet. denied); *Retzlaff v. Tex. Dep't of Criminal Justice*, 94 S.W.3d 650, 654 (Tex. App.—Houston [14th Dist.] 2002, pet. denied) (citing *Hickson v. Moya*, 926 S.W.2d 397, 398 (Tex. App.—Waco 1996, no writ)).

**PROCEDURES CONTROLLING INMATE SUITS**

In part to conserve judicial resources, the Texas Legislature created special procedures controlling inmate suits for those inmates who declare they are unable to pay the costs of their suit. *See Leachman v. Dretke*, 261 S.W.3d 297, 309 (Tex. App.—Fort Worth 2008, no pet.) (citing *Hickson*, 926 S.W.2d at 399) (referencing chapter 14 of the Texas Civil Practice and Remedies Code). When an inmate, appearing pro se and in forma pauperis, brings a suit in a district court on an action not under the Family Code, the "trial court has broad discretion under Chapter 14 to dismiss [the] inmate's suit if it deems the suit frivolous." *Lilly*, 100 S.W.3d at 337; *accord Retzlaff*, 94 S.W.3d at 653. The suit may be frivolous if, *inter alia*, "the claim is substantially similar to a previous claim filed by the inmate because the claim arises from the same operative facts." TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(b)(4) (Vernon 2002).

To prevent frivolous suits, section 14.004 requires inmates to file a detailed affidavit describing previous filings. *Id.* § 14.004. If the inmate's affidavit fails to provide the required information, the trial court "is entitled to assume the suit is substantially similar to one previously filed by the inmate, and therefore, frivolous." *Bell v. Tex. Dep't of Criminal Justice–Institutional Div.*, 962 S.W.2d 156, 158 (Tex. App.—Houston [14th Dist.] 1998, pet. denied); *see also Thompson v. Rodriguez*, 99 S.W.3d 328, 330 (Tex. App.—Texarkana 2003, no pet.) (placing the burden on the inmate to provide the required information); *Clark v. Unit*, 23 S.W.3d 420, 422 (Tex. App.—Houston [1st Dist.] 2000, pet. denied) (affirming a dismissal where the inmate failed to provide the operative facts in the affidavit). The trial court may hold a hearing on dismissing a claim, but importantly, the court may dismiss the claim without a hearing. *Scott v. Gallagher*, 209 S.W.3d 262, 266 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (quoting TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(c) (Vernon 2002)); *Retzlaff*, 94 S.W.3d at 654 (citing

TEX. CIV. PRAC. & REM. CODE ANN. § 14.003 (Vernon 2002)).  An appellate court will affirm a dismissal if it can be upheld under any proper legal theory.  *See Birdo v. Ament*, 814 S.W.2d 808, 810 (Tex. App.—Waco 1991, writ denied); *Ross v. Walsh*, 629 S.W.2d 823, 826 (Tex. App.—Houston [14th Dist.] 1982, no writ).

### DISMISSAL OF SUIT

In his first issue on appeal, Wanzer argues the trial court improperly dismissed his suit as frivolous.  The trial court's order dismissed Wanzer's claims "with prejudice as frivolous," but did not state the basis for its order.

To avoid the dismissal of his suit, Wanzer had to file an affidavit identifying his previous filings.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.004 (Vernon 2002); *Lilly*, 100 S.W.3d at 337; *Clark*, 23 S.W.3d at 422.  Wanzer's original petition of March 10, 2006, included an affidavit listing eight previous filings, but none of the listings indicated whether the previous filing was dismissed as frivolous.  In their First Amended Answer and Motion to Dismiss, filed August 25, 2006, TDCJ asserted that Wanzer's affidavit did not comply with Chapter 14 because it failed to state which previous cases were dismissed as frivolous and failed to state "the operative facts for which relief was sought."  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.004 (Vernon 2002); *Clark*, 23 S.W.3d at 422.  In response, Wanzer filed a second affidavit, listing nine previous filings, and disclosed that six were dismissed as frivolous, but still failed to state any operative facts.  Instead, for each previous filing, Wanzer gave only a summary title as the reason for seeking relief.  For example, one previous filing listed "A 1st Amendment Retaliation Civil Rights Claim"; another included "Retaliation, Deliberate Indifference."  TDCJ's Second Amended Motion to Dismiss, filed on August 20, 2007, repeated their assertion that Wanzer's amended affidavit failed to state the operative facts in the previous filings.  At the November 19,

2007 hearing on TDCJ's motion to dismiss, TDCJ reiterated their assertion that Wanzer's affidavit omitted mandatory information, was non-compliant, and his suit warranted dismissal. *See Lilly*, 100 S.W.3d at 337; *Clark*, 23 S.W.3d at 422. The appellate record does not show that Wanzer submitted an amended or supplemental affidavit after the hearing.

Having reviewed the record, we find that Wanzer did not meet the requirements of section 14.004 because his amended affidavit failed to state "the operative facts for which relief was sought." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.004(a)(2)(A) (Vernon 2002); *Clark*, 23 S.W.3d at 422. In their first and second amended motions to dismiss, and at the hearing, TDCJ identified the defects in Wanzer's affidavits. Over a period of more than one year, Wanzer had at least three separate opportunities to amend or supplement, yet he failed to submit a compliant affidavit. Thus, we cannot say the trial court abused its discretion in dismissing Wanzer's suit with prejudice as frivolous.[1] *See Williams v. Tex. Dep't of Criminal Justice–Institutional Div.*, No. 14-01-00646-CV, 2002 WL 1822424, at *2 (Tex. App.—Houston [14th Dist.] Aug. 8, 2002, pet. denied) (not designated for publication) (citing *Hickman v. Adams*, 35 S.W.3d 120, 125 & n.2 (Tex. App.—Houston [14th Dist.] 2000, no pet.)); *Lentworth v. Trahan*, 981 S.W.2d 720, 722–23 (Tex. App.—Houston [1st Dist.] 1998, no pet.); *cf. Peña v. McDowell*, 201 S.W.3d 665, 666 (Tex. 2006) (per curiam). We overrule Wanzer's first issue on appeal.

### HEARING WITHOUT WANZER'S MATERIALS

Wanzer also asserts the trial court abused its discretion by holding a hearing on TDCJ's motion to dismiss when the court knew Wanzer did not have documents and materials he considered essential to his case. However, because Wanzer had no right to a hearing on TDCJ's

---

[1] We need not address the "with prejudice" disposition in the trial court's order because Wanzer did not raise or brief the issue before this court. *See* TEX. R. APP. P. 38.1(f), (i) (requiring issues presented, argument, and authorities); *Roise v. State*, 7 S.W.3d 225, 232 (Tex. App.—Austin 1999, pet. ref'd) (waiving a point of error not supported by argument or authorities).

motion to dismiss, the court could have dismissed his case solely on the pleadings. *See* Tex. Civ. Prac. & Rem. Code Ann. § 14.003(c) (Vernon 2002) ("[T]he court *may* hold a hearing . . . ." (emphasis added)); *Scott*, 209 S.W.3d at 266; *Retzlaff*, 94 S.W.3d at 654. Nevertheless, at the November 19, 2007 hearing where Wanzer personally appeared, he had the opportunity, albeit without his documents and materials, to argue his case. Further, the court postponed its decision and gave Wanzer thirty days to submit any other documents or arguments. We hold that the trial court did not abuse its discretion by proceeding with the hearing over Wanzer's objection. *See Scott*, 209 S.W. at 266. We overrule Wanzer's second issue on appeal.

**CONCLUSION**

Having overruled both of Wanzer's issues, we affirm the judgment of the trial court.

Rebecca Simmons, Justice