NO. 12-05-00074-CV
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS


HOWARD VANZANDT WILLIAMS,              §     APPEAL FROM THE 87TH
APPELLANT

V.                                                                         §     JUDICIAL DISTRICT COURT OF

TEXAS DEPARTMENT OF CRIMINAL
JUSTICE – INSTITUTIONAL DIVISION,      §     ANDERSON COUNTY, TEXAS
ET AL,
APPELLEES




MEMORANDUM OPINION
            Howard VanZandt Williams, an inmate in the Texas Department of Criminal Justice-Institutional Division (“TDCJ”), proceeding pro se, filed an in forma pauperis suit against TDCJ,
Gary Johnson, Robert Herrera, James Green, Brett O’Neal, and other unnamed persons. Williams
appeals the trial court’s order dismissing his suit pursuant to Texas Civil Practice and Remedies
Code, section 14.003. Williams raises two issues on appeal. We modify and, as modified, affirm.

Background
            Williams is an inmate. While incarcerated, Williams filed a civil suit against TDCJ, Johnson,
Herrera, Green, and O’Neal (collectively “Appellees”). In his lawsuit, Williams alleges that
Appellees conspired to violate and, through discrimination, did violate his rights under the
Americans with Disabilities Act. See 42 U.S.C.A. §§ 12101, 12112 (West 1995). Williams sought
actual and punitive damages from Appellees. In conjunction with his original petition, Williams
filed a document purportedly in compliance with Texas Civil Practices and Remedies Code, section
14.004, in which he listed twenty lawsuits either previously filed or then pending.
            On January 28, 2005, without conducting a hearing, the trial court found that Williams’s suit
was frivolous or malicious and dismissed it with prejudice pursuant to Texas Civil Practice and
Remedies Code, section 14.003. This appeal followed.

Dismissal Pursuant to Texas Civil Practice 
and Remedies Code Chapter 14
            In his first and second issues, Williams argues that the trial court's dismissal was improper.


 
We review the trial court's dismissal of an in forma pauperis suit under an abuse of discretion
standard. Hickson v. Moya, 926 S.W.2d 397, 398 (Tex. App.–Waco 1996, no writ). A trial court
abuses its discretion if it acts arbitrarily, capriciously, and without reference to any guiding rules or
principles. Lentworth v. Trahan, 981 S.W.2d 720, 722 (Tex. App.–Houston [1st Dist.] 1998, no
pet.). We will affirm a dismissal if it was proper under any legal theory. Johnson v. Lynaugh, 796
S.W.2d 705, 706–07 (Tex. 1990); Birdo v. Ament, 814 S.W.2d 808, 810 (Tex. App.–Waco 1991,
writ denied). The trial courts are given broad discretion to determine whether a case should be
dismissed because (1) prisoners have a strong incentive to litigate; (2) the government bears the cost
of an in forma pauperis suit; (3) sanctions are not effective; and (4) the dismissal of unmeritorious
claims accrues to the benefit of state officials, courts, and meritorious claimants. See Montana v.
Patterson, 894 S.W.2d 812, 814–15 (Tex. App.–Tyler 1994, no writ).
            Chapter 14 of the Texas Civil Practice and Remedies Code controls suits brought by an
inmate in which the inmate has filed an affidavit or unsworn declaration of inability to pay costs.



Tex. Civ. Prac. & Rem. Code Ann. § 14.002(a) (Vernon 2002); Hickson, 926 S.W.2d at 398.
Section 14.003 provides that a trial court may dismiss a claim before or after service of process if
the court finds that the claim is frivolous or malicious. See Tex. Civ. Prac. & Rem. Code Ann.
§ 14.003(a)(2) (Vernon 2002). In determining whether a claim is frivolous or malicious, a trial court
may consider whether the claim is substantially similar to a previous claim filed by the inmate
because the claim arises out of the “same operative facts.” Id. at § 14.003(b)(4). To enable a trial
court to determine whether the suit is substantially similar to a previous one, an inmate is required
to file a separate affidavit or unsworn declaration describing all other suits the inmate has brought
and stating the “operative facts” upon which relief was sought. Id. at § 14.004(a)(2)(A). The
declaration must be (1) in writing and (2) subscribed by the person making the declaration as true
under penalty of perjury. See Tex. Civ. Prac. & Rem. Code Ann. § 132.002 (Vernon 2005).
            In the case at hand, Williams’s unsworn declaration does not comply with Texas Civil
Practice and Remedies Code, section 132.002. The document Williams filed under a heading of
“Affidavit or Declaration of Previously Filed Lawsuits” contains no statement that the facts stated
therein are declared to be true under penalty of perjury. See Tex. Civ. Prac. & Rem. Code Ann.
§ 132.002(2) (Vernon 2005). Moreover, the document does not meet the criteria for an affidavit. 
See, e.g., Tex. Govt. Code Ann. § 312.011(1) (Vernon 2005) (“‘Affidavit’ means a statement in
writing of a fact or facts signed by the party making it, sworn to before an officer authorized to
administer oaths, and officially certified to by the officer under his seal of office.”); Black’s Law
Dictionary 58 (6th ed. 1990). As such, Williams’s chronicle of previously filed and/or pending
lawsuits does not satisfy the requisites of Section 14.004 as it is not presented by way of a separate
affidavit or declaration. See Tex. Civ. Prac. & Rem. Code Ann. §14.004(a); Jackson v. Tex. Dep’t
of Criminal Justice-Inst’l Div., 28 S.W.3d 811, 814 (Tex. App.–Corpus Christi 2000, pet. denied). 
            When an inmate files an affidavit or declaration that fails to comply with the requirements
of section 14.004, “the trial court is entitled to assume that the suit is substantially similar to one
previously filed by the inmate, and therefore, frivolous.” Bell, 962 S.W.2d at 158. The burden to
provide such information rests on the pro se litigant. See, e.g., Clark v. J.W. Estelle Unit, 23 S.W.3d
420, 422 (Tex. App.–Houston [1st Dist.] 2000, pet. denied) (refusing to hold that a trial court must
sift through numerous documents in order to find the information required by section 14.004). 
Accordingly, we hold that the trial court did not abuse its discretion when it dismissed Williams's
suit.


 Id. Williams’s first and second issues are overruled.
 
 
Disposition
            The trial court’s dismissal of Williams’s suit with prejudice was improper. We modify the
trial court's order of dismissal by deleting the words “with prejudice” and substituting in their place
the words “without prejudice.” Having overruled Williams’s issues one and two, we affirm the trial
court’s dismissal order as modified.
 
                                                                                                     JAMES T. WORTHEN 
                                                                                                                 Chief Justice


Opinion delivered January 31, 2006.
Panel consisted of Worthen, C.J., Griffith, J. and DeVasto, J.












(PUBLISH)