NO.
12-05-00075-CV

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

 

HOWARD VANZANDT
WILLIAMS,         §          APPEAL FROM THE 369TH

APPELLANT

 

V.        

 

U.T.M.B., TDCJ-ID, DR.
MONTE SMITH,

DR. KENNETH LOVE,
ROBERT HERRERA, 

CHRISTY M. BERNAS,
VIRGINIA SUE  

BUCKANAN, R.N., Elsie
KITCHEN, R.N.,            §          JUDICIAL DISTRICT COURT OF

JOY MILLER, R.N.,
GORDON BARMSLEY,

R.N., KELLEY MAXWELL,
LVN, LINDA

MC ELVEY, LVN, MARYLIN
TILLMAN,

LVN, PAULA FOUNTAIN, LVN,
DONNA

STEELY, CHERYL
WILLIAMS, AND

OTHERS ACTING IN
CONCERT WITH

THEM, NOT NAMED AT THIS
TIME,

APPELLEES §          ANDERSON COUNTY, TEXAS

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



MEMORANDUM OPINION








            Appellant
Howard VanZandt Williams, proceeding pro se, appeals the trial court’s order
dismissing his suit pursuant to Chapter 14 of the Texas Civil Practice and
Remedies Code.  We modify and, as
modified, affirm.

 

Background








            Williams
is an inmate in  the Texas Department of
Criminal Justice-Institutional Division (“TDCJ”).  While incarcerated, Williams filed an in
forma pauperis civil suit against U.T.M.B., TDCJ, Dr. Monte Smith, Dr. Kenneth
Love, Robert Herrera, Christy M. Bernas, Virginia Sue Buckanan, R.N., Elsie
Kitchen, R.N., Joy Miller, R.N., Gordon Barmsley, R.N., Kelley Maxwell, LVN,
Linda McElvey, LVN, Marylin Tillman, LVN, Paula Fountain, LVN, Donna Steely,
Cheryl Williams, and others acting in concert with them, not named at this time
(collectively “Appellees”).  In his
lawsuit, Williams alleges that Appellees, among other acts or omissions,
(1) failed to provide proper supervision and control of its correctional
officers and contract employees; (2) caused and subjected him to be injected
and fed Hepatitis C by injecting contaminated blood and other contaminants in
his daily insulin injection in violation of the Eighth and Fourteenth
Amendments to the United States Constitution; (3) transferred him to his
present unit at TDCJ to continue to carry out such acts; (4) refused to treat
or refer him for treatment; (5) harassed and threatened him with disciplinary
action if he did not inject the contaminated insulin; and (6) joined in a “retaliatory
conspiracy” to falsify, change, alter, destroy, and tamper with his medical
records for filing grievances.  Williams
sought actual and punitive damages from Appellees.  In conjunction with his original petition,
Williams filed a motion challenging the constitutionality of section 14.004 of
the Texas Civil Practices and Remedies Code. 
In the body of the motion, Williams listed twenty lawsuits either
previously filed or then pending. On February 1, 2005, without conducting a
hearing, the trial court found that Williams’s suit was frivolous or malicious
and dismissed it with prejudice pursuant to Chapter 14 of the Texas Civil
Practices and Remedies Code. This appeal followed.

 

Dismissal Pursuant to Chapter
14 of

Texas Civil
Practices and Remedies Code

            In
three issues, Williams argues that the trial court’s dismissal was improper.[1]  We review the trial court’s dismissal of an
in forma pauperis suit under an abuse of discretion standard.  Hickson v. Moya, 926 S.W.2d
397, 398 (Tex. App.–Waco 1996, no writ). 
A trial court abuses its discretion if it acts arbitrarily,
capriciously, and without reference to any guiding rules or principles. Lentworth
v. Trahan, 981 S.W.2d 720, 722 (Tex. App.–Houston [1st Dist.] 1998, no
pet.).  We will affirm a dismissal if it
was proper under any legal theory.  Johnson
v. Lynaugh, 796 S.W.2d 705, 706-07 (Tex. 1990); Birdo v. Ament,
814 S.W.2d 808, 810 (Tex. App.–Waco 1991, writ denied). The trial courts are
given broad discretion to determine whether a case should be dismissed because
(1) prisoners have a strong incentive to litigate; (2) the government
bears the cost of an in forma pauperis suit; (3) sanctions are not effective;
and (4) the dismissal of unmeritorious claims accrues to the benefit of state
officials, courts, and meritorious claimants. 
See Montana v. Patterson, 894 S.W.2d 812, 814-15 (Tex.
App.–Tyler 1994, no writ). 

            Chapter
14 of the Texas Civil Practices and Remedies Code controls suits brought by an
inmate in which the inmate has filed an affidavit or unsworn declaration of
inability to pay costs.[2] Tex.
Civ. Prac. & Rem. Code Ann. § 14.002(a) (Vernon 2002); Hickson,
926 S.W.2d at 398. Section 14.003 provides that a trial court may dismiss a
claim before or after service of process if the court finds that the claim is
frivolous or malicious.  Tex. Civ. Prac. & Rem. Code Ann. § 14.003(a)(2)
(Vernon 2002).  In determining whether a
claim is frivolous or malicious, a trial court may consider whether the claim
is substantially similar to a previous claim filed by the inmate because the
claim arises out of the “same operative facts.” 
Id. § 14.003(b)(4). 
To enable a trial court to determine whether the suit is substantially
similar to a previous one, an inmate is required to file a separate affidavit
or declaration describing all other suits the inmate has brought and stating
the “operative facts” upon which relief was sought.  Id. § 14.004(a)(2)(A).  The declaration must be (1) in writing and
(2) subscribed by the person making the declaration as true under penalty of
perjury.  Tex. Civ. Prac. & Rem. Code Ann. § 132.002 (Vernon 2005).








            In
the case at hand, Williams’s unsworn declaration does not comply with Texas
Civil Practices and Remedies Code, section 132.002.  The document Williams filed was within a
motion challenging the constitutionality of section 14.004 and appears under
the heading “Affidavit or Declaration of Previously Filed Lawsuits.”  The document contains no statement that the
facts stated therein are declared to be true under penalty of perjury.  See id. §
132.002(2).  Moreover, the document does
not meet the criteria for an affidavit.  See,
e.g., Tex. Gov’t Code Ann. §
312.011(1) (Vernon 2005) (“‘Affidavit’ means a statement in writing of a fact
or facts signed by the party making it, sworn to before an officer authorized
to administer oaths, and officially certified to by the officer under his seal
of office.”); Black’s Law Dictionary
58 (7th ed. 1999).  As such, Williams’s
chronicle of previously filed and/or pending lawsuits does not satisfy the
requisites of section 14.004 as it is not presented by way of a separate
affidavit or declaration.  See Tex. Civ. Prac. & Rem. Code Ann. §
14.004(a); Jackson v. Tex. Dep’t of Criminal Justice-Inst’l Div.,
28 S.W.3d 811, 814 (Tex. App.–Corpus Christi 2000, pet. denied).

            When
an inmate files an affidavit or declaration that fails to comply with the
requirements of section 14.004, “the trial court is entitled to assume the suit
is substantially similar to one previously filed by the inmate, and therefore,
frivolous.”  Bell v. Tex. Dep’t of
Criminal Justice-Inst’l Div., 962 S.W.2d 156, 158 (Tex. App.–Houston
[14th Dist.] 1998, pet. denied).  The
burden to provide such information rests on the pro se litigant.  See, e.g., Clark v. J.W. Estelle Unit,
23 S.W.3d 420, 422 (Tex. App.–Houston [1st Dist.] 2000, pet. denied) (refusing
to hold that a trial court must sift through numerous documents in order to
find the information required by section 14.004).  Accordingly, Williams’s first, second, and
third issues are overruled.

 

Conclusion

            We
hold that the trial court did not abuse its discretion when it dismissed
Williams’s suit. See id. 
However, the trial court’s dismissal of Williams’s suit with prejudice
was improper because his error could have been remedied through amendment or
more specific pleading.  See Thomas
v. Skinner, 54 S.W.3d 845, 846-47 (Tex. App.–Corpus Christi 2001, pet.
denied).  Thus, we modify
the trial court’s order of dismissal by deleting the words “with prejudice” and
substituting in their place the words “without prejudice.”  Having overruled Williams’s first, second,
and third issues, we affirm the trial court’s dismissal order as
modified.

 

 

 

                                                                                                     JAMES T. WORTHEN    

                                                                                                                 Chief Justice

 

 

Opinion delivered April 28, 2006.

Panel consisted
of Worthen, C.J., Griffith, J., and DeVasto, J.

 

 

 

 

 

 

 

(PUBLISH)











[1] We have construed Williams’s issues liberally
in the interest of justice.





[2] Chapter 14 does not apply to suits brought
under the Family Code.  Tex. Civ. Prac. & Rem. Code Ann.  §  14.002(b) (Vernon 2002).