NO. 12-10-00324-CV

 

IN THE COURT OF APPEALS          

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

CLIFFORD FAIRFAX,                                 
§                   APPEAL FROM THE 349TH

APPELLANT            

 

 

V.                                                                      
§                   JUDICIAL DISTRICT COURT

 

SHERRI MILLIGAN, KATHLEEN

O’NEAL, BRIAN GORDY AND

CHRISTY HOISINGTON,

APPELLEES                                                   
§                   ANDERSON COUNTY, TEXAS     







MEMORANDUM
OPINION

Clifford
Fairfax filed a motion for rehearing, which is overruled.  However, we withdraw
our opinion dated July 13, 2011, and substitute the following opinion in its
place.

Fairfax
appeals from the trial court’s dismissal of his suit under Chapter Fourteen of
the Texas Civil Practice and Remedies Code.  He raises three issues on appeal. 
We affirm.

 

Background

Fairfax
alleges that, on January 11, 2010, during an “annual lockdown shakedown,” he
was ordered to go to a section of the prison with all his personal property,
including his legal materials, for a contraband search.  During this search,
Fairfax alleges, his legal materials, as well as several items he purchased at
the commissary, were seized from him by Appellees, employees of the Texas
Department of Criminal Justice (TDCJ).  Specifically, he alleges that Sherri
Milligan threw some of the materials in his face and stated that she was
confiscating all his legal materials.  Fairfax alleges that a sergeant “grabbed
[his] coat, slung [him] around, threw [his] medical cane down, handcuff[ed] and
escorted [him] to lock-up/pre-hearing detention.”  According to Fairfax,
nineteen days later, he was allowed to retrieve many of these seized items from
storage, which were handed back to him by Kathleen O’Neal.  He states that his
legal materials and the commissary items were handed back to him in three
“chain bags.”  When he inspected the bags, Fairfax allegedly saw three mice or
rats escape from the bags.  He stated that 

 

[a]t this time, [he] discovered that the rats/mice[ ]
damaged all his soups, meat [products], tubes of toothpaste and blue magic hair
grease, and also that his padlock & key, soups, 2 bags & a 3/4 of a jar
of coffee-black, 2 packs of cookies, 1 bag & a half of corn chips, mint
sticks, fruit sticks, commissary bag, stamps, legal storage folders, ditigal
[sic] family photos of [his] son’s fiancée, sexual photos of women, law books,
attorney correspondence, legal notes and grievances were missing . . . .

 

 

He
hypothesizes that these acts were conducted in retaliation for his repeated
filing of internal grievances and lawsuits, as well as similar complaints he
filed on behalf of other inmates, related to the seizure of his and other
inmates’ legal materials by TDCJ staff including Appellees, without following
proper TDCJ administrative protocol. 

Fairfax
filed suit asserting several causes of action against Sherri Milligan, Kathleen
O’Neal, Brian Gordy, and Christy Hoisington, who are the TDCJ officers alleged
to have played a part in the search, seizure, and return of Fairfax’s
property.  The trial court dismissed his suit without a hearing. The trial
court recited three grounds for dismissal in its order of dismissal; namely
that it found the claim to be frivolous or malicious, the “same operative facts
of this lawsuit were [brought by Fairfax] in Cause #3-41159,” and that Fairfax
“failed to comply with Section 14.004 concerning the affidavit [of] previous filings.” 
This appeal followed. 

 

The Trial Court’s Dismissal of Fairfax’s Lawsuit

            In
his second issue, Fairfax argues that the trial court abused its discretion in
dismissing his suit for failing to comply with the affidavit of previous
filings required in Section 14.004 of the civil practice and remedies code.

Standard
of Review

We
review the trial court’s dismissal of an in forma pauperis suit under an
abuse of discretion standard.  Hickson v. Moya, 926 S.W.2d 397,
398 (Tex. App.—Waco 1996, no writ).  A trial court abuses its discretion if it
acts arbitrarily, capriciously, and without reference to any guiding rules or
principles.  Lentworth v. Trahan, 981 S.W.2d 720, 722 (Tex.
App.—Houston [1st Dist.] 1998, no pet.).  We will affirm a dismissal if it was proper
under any legal theory.  Johnson v. Lynaugh, 796 S.W.2d 705,
706-07 (Tex. 1990); Birdo v. Ament, 814 S.W.2d 808, 810 (Tex.
App.—Waco 1991, writ denied).  The trial courts are given broad discretion to
determine whether a case should be dismissed because (1) prisoners have a
strong incentive to litigate; (2) the government bears the cost of an in
forma pauperis suit; (3) sanctions are not effective; and (4) the dismissal
of unmeritorious claims accrue to the benefit of state officials, courts, and
meritorious claimants.  See Montana v. Patterson, 894
S.W.2d 812, 814-15 (Tex. App.—Tyler 1994, no writ).

Applicable
Law

Chapter
Fourteen of the Texas Civil Practice and Remedies Code controls suits brought
by an inmate in which the inmate filed an affidavit or unsworn declaration of
inability to pay costs.[1]  Tex. Civ. Prac. & Rem. Code Ann. § 14.002(a) (Vernon
2002); Hickson, 926 S.W.2d at 398.  The inmate must comply with
the procedural requirements set forth in Chapter Fourteen.  Tex. Civ. Prac. & Rem. Code Ann. §§
14.002(a), 14.004, 14.005 (Vernon 2002).  Failure to fulfill those procedural
requirements will result in the dismissal of an inmate’s suit.  See id.
§ 14.003 (Vernon 2002); Brewer v. Simental, 268 S.W.3d
763 (Tex. App.—Waco 2008, no pet.) (citing Bell v. Texas Dep’t of Crim.
Justice-Institutional Div., 962 S.W.2d 156, 158 (Tex. App.—Houston
[14th Dist.] 1998, pet. denied)).

One
such procedural requirement is that, under Section 14.004, entitled “Affidavit
Relating to Previous Filings,” an inmate who files an affidavit or unsworn
declaration of inability to pay costs must file a separate affidavit or
declaration setting out the following information:

 

(1) identifying each suit, other than a suit under the
Family Code, previously brought by the person and in which the person was not
represented by an attorney, without regard to whether the person was an inmate
at the time the suit was brought; and

 

(2) describing each suit that was previously brought
by:

(A) stating the operative facts for which relief was
sought;

(B) listing the case name, cause number, and the court
in which the suit was brought;

(C) identifying each party named in the suit; and

(D) stating the result of the suit, including whether
the suit was dismissed as frivolous or malicious under Section 13.001 or
Section 14.003 or otherwise.

 

Tex. Civ. Prac. & Rem. Code Ann. §
14.004(a).

Substantial
compliance with the affidavit of previous filings requirement has been held to
be sufficient.  Gowan v. TDCJ, 99 S.W.3d 319, 322 (Tex.
App.—Texarkana 2003, no pet.) (affidavit of previous suits requirement met when
only missing information was cause number).  However, the inmate must always
include a sufficient description of the operative facts of prior suits, because
that is the only way in which a court may evaluate whether the prior suit is
substantially similar to the present suit.  See Bell, 962 S.W.2d
at 158; Clark v. Unit, 23 S.W.3d 420, 422 (Tex. App.—Houston [1st
Dist.] 2000, pet. denied) (stating that although appellant “did list previous filings,
he did not state the operative facts for which relief was sought in those
suits[, and] [w]ithout this information, the trial court was unable to consider
whether [appellant’s] current claim is substantially similar to a previous
claim”).  The inmate’s failure to sufficiently describe the operative facts of
his past suits in his affidavit entitles the trial court to presume that the
instant suit is substantially similar to one previously filed by the inmate,
and therefore, frivolous.  See id.  Accordingly, a trial court
may dismiss an indigent inmate’s suit as frivolous or malicious when an inmate
fails to comply with the statutory requirements of Section 14.004.  See id.


Discussion

In
his affidavit of prior filings, Fairfax listed some of his prior filings as in Clark. 
He even provided detailed operative facts in describing some of his suits.  See
Clark, 23 S.W.3d at 422.  However, he identified at least five suits
filed in different courts in which he included no statement of the operative
facts.  Rather, Fairfax stated that he was unable to provide the required
information because TDCJ staff had confiscated his legal materials.  Although
he may not have recalled all the cause numbers and other technical information
related to those suits, he was required to disclose the operative facts of
those suits.[2] 
But Fairfax did not include this information in his affidavit.  Therefore, the
trial court was entitled to presume that the instant suit was substantially
similar to the prior filings that Fairfax failed to sufficiently describe.  See
Clark, 23 S.W.3d at 422; Bell, 962 S.W.2d at 158. 
Consequently, the trial court did not err in dismissing Fairfax’s suit.

Fairfax’s
second issue is overruled.

Remaining Issues

Since
it was proper for the trial court to dismiss Fairfax’s suit because he failed
to comply with the affidavit of previous filings requirement in Section 14.004,
we need not consider his first issue in which he argues that the trial court
erred when it alternatively dismissed his suit on the ground that “the same
operative facts of this lawsuit were in Cause #3-41159.”  See Tex. R. App. P. 47.1.  For the same
reason, we need not consider Fairfax’s third issue in which he argues that the
trial court abused its discretion in dismissing his suit as frivolous or
malicious because it had no arguable basis in law.  See id. 

 

Disposition

            Having overruled
Fairfax’s second issue, and having determined that we need not address his
remaining two issues, we affirm the judgment of the trial court.

 

                                                                                    Brian Hoyle

                                                                                         
Justice

 

 

 

Opinion delivered August 24, 2011.

Panel consisted of
Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

(PUBLISH)









[1]
Chapter Fourteen does not apply to an action brought under the Texas Family
Code. Tex. Civ. Prac. & Rem. Code
Ann. 14.002(b) (Vernon 2002).





[2]
Although it has been held by at least one court that substantial compliance is
sufficient, see Gowan, 99 S.W.3d at 322, we do not hold here that
including only the operative facts would be sufficient to comply with the
statutory requirements.